**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

SHENZHENSHI XUANDAHANGPIJU YOUXIANGONGSI D/B/A SZTGR,

*Plaintiff*,

v.

RYAN DWAIN SMITH,

*Defendant*.

**Case No.**

**COMPLAINT FOR DECLARATORY JUDGMENT**

**AND DEMAND FOR A JURY TRIAL.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SHENZHENSHI XUANDAHANGPIJU YOUXIANGONGSI D/B/A SZTGR ("sztgr" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant, Ryan Dwain Smith ("Defendant"), for declaratory judgment that claim 1 of U.S. Patent No. 12,738,182 (the "'182 Patent"), purportedly owned by Smith, is invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Plaintiff's products. In support thereof, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement and invalidity of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Defendant initiated an APEX proceeding against Plaintiff by submitting an APEX Agreement alleging that Plaintiff's sale of the products identified by ASINs B0GWH4ZP5X and

B0DS9BLJBK (collectively, the "Accused Products") through its Amazon seller account (Seller ID: A2HF19ZGW98RTG) infringes claim 1 of the '182 Patent.

3. Plaintiff denies that the Accused Products infringe any valid or enforceable claim of the '182 Patent. Plaintiff further contends that claim 1 of the '182 Patent is invalid, including in view of prior art.

4. By initiating the APEX proceeding, Defendant has created an imminent threat that the Accused Products will be removed from Amazon, thereby disrupting Plaintiff's business operations and interfering with its ability to sell the Accused Products. Defendant's infringement accusation has thus created an actual, immediate, and justiciable controversy between the parties, warranting resolution by this Court through declaratory relief.

## THE PARTIES

5. Plaintiff Shenzhenshi Xuandahangpiju Youxiangongsi d/b/a sztgr is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

6. Upon information and belief, Defendant Ryan Dwain Smith is an individual doing business as Nap Guardian, and is identified in the records of the USPTO, including the '182 Patent, as being located in Loxahatchee, Florida, United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.* Plaintiff seeks declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is domiciled in Loxahatchee, Palm Beach County, Florida, within this District, and is therefore subject to this Court's general personal jurisdiction.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(1) because Defendant is an individual domiciled in this District and therefore resides in this District for venue purposes.

10. An immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Products infringe claim 1 of the '182 Patent and whether the '182 Patent is invalid.

## PATENT-IN-SUIT

11. A patent application entitled "Multipurpose reconfigurable doorbell guard apparatus," with Application No. 19/228,311, was filed on June 4, 2025, and ultimately issued as U.S. Patent No. 12,738,182 on September 15, 2026. The application that issued as the '182 Patent is a continuation of the application that issued as U.S. Patent No. 12,347,345. The '182 Patent identifies Ryan Dwain Smith as the sole inventor. A true and correct copy of the '182 Patent is attached hereto as Exhibit A.

12. The '182 Patent concerns a reconfigurable doorbell guard apparatus comprising a sign, a backing plate, and a hinge assembly that allows the sign to move between positions that block and permit operation of a doorbell. An exemplary figure from the '182 Patent is shown below.




13. Claim 1 of the '182 Patent is directed to a doorbell guard apparatus comprising a sign, a backing plate, a fastening element, and a hinge assembly that permits the sign to move between blocking and non-blocking positions, and provides as follows:

1. A reconfigurable doorbell guard apparatus, the apparatus comprising:

(a) a sign;

(b) a backing plate configured for attachment to a mounting surface relative to a doorbell;

(c) a fastening element disposed on a rear surface of the backing plate, the fastening element configured so that said attachment is removable without modifying the mounting surface; and

(d) a hinge assembly coupling the sign to the backing plate so that the sign is movable, during said attachment, between a blocking position obstructing actuation of a doorbell button of the doorbell and a non-blocking position permitting actuation of the doorbell button.

**BACKGROUND**

14. Plaintiff Shenzhenshi Xuandahangpiju Youxiangongsi d/b/a sztgr is a company that sells doorbell-related products, including the Accused Products identified by ASINs B0GWH4ZP5X and B0DS9BLJBK, on Amazon through the "sztgr" storefront.

15. The Accused Products are doorbell cover signs. Exemplary images of the Accused Products are shown below.

| ASIN B0GWH4ZP5X | ASIN B0DS9BLJBK |
|---|---|







16. On October 12, 2026, Plaintiff received a notification from Amazon stating that Defendant had reported the Accused Products as infringing the ’182 Patent. The notification identified “Ryan Dwain Smith” as the patent owner. A true and correct copy of the notification is attached hereto as Exhibit B.

17. Amazon’s notification was accompanied by an APEX Agreement, in which Defendant identified claim 1 of the ’182 Patent as the asserted claim for evaluation and listed multiple allegedly infringing ASINs, including the two ASINs corresponding to the Accused Products. A true and correct copy of the APEX Agreement is attached hereto as Exhibit C.

18. Amazon’s notification informed Plaintiff that, if it wished to continue selling the Accused Products, it was required to take action within three weeks. Plaintiff could seek to resolve Defendant’s infringement claim either by obtaining a retraction from Defendant or by pursuing the dispute in federal district court, including by filing a declaratory judgment action. *See* Exhibit B.

19. Alternatively, Plaintiff could elect to participate in Amazon's neutral patent evaluation process by agreeing to the APEX Agreement and submitting the required seller information within the same three-week period. *Id*.

20. Amazon further informed Plaintiff that, if it did not either resolve Defendant's claim or agree to participate in the neutral evaluation process within the three-week period, Amazon would remove the identified listings, together with any materially identical variants. *Id*.

21. Plaintiff elects to pursue the dispute in federal court rather than participate in Amazon's neutral evaluation process because that expedited process cannot fully resolve all disputes between the parties, including the validity of claim 1 of the '182 Patent.

**<u>FIRST CAUSE OF ACTION</u>**
**(Declaratory Judgment of Non-Infringement of the '182 Patent)**

22. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-21 above as if fully set forth herein.

23. Defendant purportedly owns rights, title, and interest in and under the '182 Patent.

24. Through its making, using, offering for sale, selling, and/or importing of the Accused Products, Plaintiff does not directly or indirectly infringe claim 1 of the '182 Patent, either literally or under the doctrine of equivalents.

25. There is an actual, substantial, immediate, and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff has infringed claim 1 of the '182 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding claim 1 of the '182 Patent.

26. Plaintiff is entitled to a declaratory judgment that Plaintiff does not directly or indirectly infringe, literally or under the doctrine of equivalents, claim 1 of the ’182 Patent through its making, using, offering for sale, selling, and/or importing the Accused Products.

27. Plaintiff expressly reserves the right to assert additional grounds of noninfringement as appropriate following inspection of the Accused Products, the completion of discovery, and the Court’s construction of the claims.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the ’182 Patent)**

28. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-21 above as if fully set forth herein.

29. Claim 1 of the ’182 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. §§ 102 (e.g., lack of novelty), 103 (e.g., obviousness), and/or 112 (e.g., lack of enablement, lack of written description, or indefiniteness).

30. For example, claim 1 of the ’182 Patent is invalid as anticipated and/or obvious under post-AIA 35 U.S.C. §§ 102 and 103 based at least on the following prior art: (i) German Utility Model Publication No. DE202008008330U1, published September 25, 2008 (“Kahana”), attached hereto as Exhibit D; (ii) U.S. Patent No. 2,447,226, issued August 17, 1948 (“Bennett”), attached hereto as Exhibit E; and (iii) Austrian Patent No. AT22381B, published December 27, 1905 (“Weil”), attached hereto as Exhibit F.

31. Claim 1 of the ’182 Patent is invalid under 35 U.S.C. § 102 as anticipated by Kahana, which discloses a doorbell guard comprising a protective cap displaying a message, a flat annular base, a self-adhesive underside, and a flexible connecting strap, corresponding to the “sign,”

"backing plate," "fastening element," and "hinge assembly" limitations, respectively, as recited in claim 1.

32. Alternatively, claim 1 of the '182 Patent is invalid under 35 U.S.C. § 103 as obvious over Kahana in view of Bennett. Claim 1 is further invalid as obvious over Kahana in view of Weil. Bennett discloses a sign displaying warning messages and a mechanical hinge, while Weil discloses a protective cover connected to a mounting plate through a mechanical hinge, corresponding to the "sign" and "hinge assembly" limitations recited in claim 1. A person of ordinary skill in the art would have been motivated to combine Kahana with Bennett by replacing Kahana's protective cap and flexible connecting strap with Bennett's hinged sign, or to combine Kahana with Weil by replacing Kahana's flexible connecting strap with Weil's mechanical hinge, while retaining Kahana's adhesive mounting arrangement, to achieve predictable results with a reasonable expectation of success.

33. There is an actual, substantial, immediate, and justiciable controversy between Plaintiff and Defendant regarding the validity of claim 1 of the '182 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '182 Patent.

34. Plaintiff reserves the right to assert additional grounds of invalidity after conducting discovery and after the Court has construed the claims.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, SHENZHENSHI XUANDAHANGPIJU YOUXIANGONGSI D/B/A SZTGR, respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. That the Court enter judgment declaring that Plaintiff has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, claim 1 of the ’182 Patent by making, using, offering for sale, selling, and/or importing the Accused Products;

B. That the Court enter judgment declaring that claim 1 of the ’182 Patent is invalid;

C. That the Court permanently enjoin Defendant, his officers, agents, servants, employees, attorneys, and those in active concert or participation with them, from asserting or attempting to enforce against Plaintiff or the Accused Products any claim that the Accused Products infringe claim 1 of the ’182 Patent to the extent inconsistent with the Court’s judgment, including through Amazon’s APEX process or other complaints directed to Amazon;

D. That the Court order Defendant to withdraw or retract any pending APEX complaint asserting that the Accused Products infringe claim 1 of the ’182 Patent, to the extent necessary and appropriate to effectuate the Court’s judgment;

E. That the Court determine that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys’ fees;

F. That the Court award Plaintiff its costs and disbursements incurred in this action as permitted by law;

G. That the Court award Plaintiff post-judgment interest to the extent permitted by law; and

H. That the Court grant Plaintiff such other and further relief, at law or in equity, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: November 2, 2026

Respectfully submitted,

*/s/ Valerie Raphael*
Valerie Raphael, Esq.
Florida Bar Number: 1003514
**Kemet Law Group, LLC**
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
Tel: (561) 870-0605
Email: Valerie@kemetlawgroup.com
KLGAssistant3@gmail.com

*Counsel for Plaintiff*